UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  :
SOURCING SOLUTIONS INTERNATIONAL, LLC, : Civil Action No: 16-3665
  :
         Plaintiff, :
  : **COMPLAINT**
         v. :
  :
JACHS NY, LLC, : Jury Trial Demanded
  :
         Defendant. :
  :
------------------------------------------------------------X

Plaintiff Sourcing Solutions International, LLC ("Plaintiff" or "SSI"), by and through its undersigned counsel, complains and alleges against Defendant Jachs NY, LLC ("Defendant" or "Jachs") as follows:

## NATURE OF ACTION

1.    SSI files this action and seeks damages and injunctive relief against Jachs for Federal trademark counterfeiting, Federal trademark infringement, Federal false designation of origin and unfair competition, and related claims of unfair competition and infringement under the common law of the state of New York.

## JURISDICTION AND VENUE

2.    This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

3.    This court has personal jurisdiction over the defendant because, among other things, the defendant is a NY limited liability company, and is doing and/or transacting business within the state of New York.

4. Venue in this district is proper under 28 U.S.C. § 1391 because, among other things, the defendant resides in this judicial district.

## THE PARTIES

5. SSI is a limited liability company organized and existing under the laws of the state of New Jersey, and maintains an office at 195 North Washington Avenue, Bergenfield, NJ 07621.

6. Upon information and belief, Jachs is a limited liability company organized and existing under the laws of the state of New York, having a place of business at 359 Broadway, 3rd Floor, New York, NY 10013.

## FACTUAL ALLEGATIONS

### SSI's Products and Trademarks

7. SSI markets and sells garment hangers. These hangers are purchased by garment manufacturers, typically in accordance with instructions provided by a retailer. In turn, the garment/hanger combination is sold to the retailer, and offered for sale in the retailer's store.

8. It is common in the industry for a retailer (e.g., Costco, Walmart, Kohls) to provide its garment manufacturers with a list of approved hangers. In this manner, the retailer is able to ensure that the garments displayed in its stores will all have a uniform and pre-selected appearance.

9. The garments are pre-hung on the hangers by the garment manufacturer such that when they arrive at the retail store, the employees of the retailer can simply remove the pre-hung garments from the shipping containers – and hang them directly on a selected display rack.

10. SSI has been marketing and selling garment hangers since at least as early as 2003, and is one of the 3 largest companies in this field. SSI has and continues to market its garment hangers under the trademarks SSI, SOURCING SOLUTIONS, and a logo featuring the letters "ssi" in the configuration of a globe (collectively the "Trademarks"). SSI has spent significant time and has invested substantial sums of money in promoting its well-recognized Trademarks. The Trademarks have been continuously used in the United States in connection with garment hangers since at least as early as 2003.

11. In addition, SSI is the owner of U.S. Trademark Registration No. 3,129,242 for the mark SOURCING SOLUTIONS and design (Exhibit A), and is the owner of U.S. Trademark Registration No. 3,180,204 for the mark SSI and design (Exhibit B) as shown below:

| Trademark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| [SOURCING SOLUTIONS logo] | 3,129,242 | Aug. 15, 2006 | Hangers for clothes |
| [SSI logo] | 3,180,204 | Dec. 5, 2006 | Clothes hangers |

**Defendant's Counterfeiting and Infringing Activities**

12. On September 21, 2015, Mr. Baris Ozturk of Jachs contacted SSI via email to request information regarding the purchase of SSI garment hangers for use in connection with a Costco program for woman's clothing. Exhibit C.

3

13. Mr. Ozturk requested product samples of two black hangers – a 15 inch hanger (Model No. 472) and a 17 inch hanger (Model No. 467).  Exhibit D.  Sample hangers were sent to Mr. Ozturk on September 22, 2015.  Exhibit E.

14. Following back and forth emails regarding pricing and delivery for an estimated order of 305,000 hangers, Mr. Hafsa Ozcan-Erturan of Jachs advised SSI by email dated October 8, 2015 that they "need [a] little more time to make the arrangements."  Exhibit F.  There were no further communications from Jachs.

15. On April 27, 2016, a representative of SSI, while visiting a Costco store in Atlanta, Georgia, discovered a selection of woman's shirts being sold under the trademark JACHS GIRLFRIEND.  Exhibit G.  The JACHS GIRLFRIEND trademark is owned by Jachs NY, LLC, the defendant named herein.  Exhibit H.  The JACHS GIRLFRIEND-branded shirts were hanging on 17 inch Model No. 467 garment hangers bearing the SSI and design trademark (as depicted in U.S. Registration No. 3,180,204) – but it was immediately apparent to the SSI representative that these hangers were counterfeits.  The representative purchased two garments, together with the counterfeit hangers.  Exhibit I.  These counterfeit hangers were then sent to SSI's facility in Hong Kong for further analysis where it was confirmed that these hangers were not produced by any authorized manufacturer of SSI.  Further testing on the material used to manufacture the hanger is still being conducted.

16. On May 5, 2016, a second representative of SSI, visited a Costco store in Scottsdale, Arizona and confirmed that the JACHS GIRLFRIEND-branded shirts were being sold at that location.  This representative also confirmed that these JACHS

GIRLFRIEND-branded shirts were hanging on counterfeit SSI garment hangers. The representative purchased two garments, together with the counterfeit hangers. Exhibit J.

17. On May 10, 2016, a private investigator visited a Costco store in Rego Park, NY and confirmed that the JACHS GIRLFRIEND-branded shirts were being sold at that location. Exhibit K. The investigator also confirmed that these JACHS GIRLFRIEND-branded shirts were hanging on counterfeit SSI garment hangers. The investigator purchased two garments, together with the counterfeit hangers. Exhibit L.

18. On May 13, 2016, a third representative of SSI, visited a Costco store in Teterboro, New Jersey and confirmed that the JACHS GIRLFRIEND-branded shirts were being sold at that location. Exhibit M. This representative also confirmed that these JACHS GIRLFRIEND-branded shirts were hanging on counterfeit SSI garment hangers. The representative purchased three garments, together with the counterfeit hangers. Exhibit N.

**Comparison of the hangers**

19. Each one of the molds used to manufacture authorized SSI garment hangers is provided with a unique mold number for tracking and quality control purposes. This mold number appears on each hanger produced by that mold. For example, Mold No. M3004 (which is located in China) is configured to make 17 inch Model No. 467 hangers. The 17 inch hanger which was provided to Jachs as a sample was shipped directly from China, and was produced in Mold No. M3004.

20. A mold typically includes a plurality of cavities such that each time the mold is actuated – a plurality of hangers is produced. For example, Mold No. M3004 contains four cavities. Thus, each time that Mold No. M3004 is actuated, four garment

hangers are produced.  For quality control and tracking purposes, each cavity of the mold contains its own designation.  Thus, the cavities of Mold No. M3004 are labeled as M3004-01; M3004-02; M3004-03; and M3004-04.  Every manufacturing run of Mold No. M3004 would therefore result in 25% of the hangers having the designation M3004-01; 25% of the hangers having the designation M3004-02; 25% of the hangers having the designation M3004-03; and 25% of the hangers having the designation M3004-04.

21. The 17 inch Model No. 467 hanger which was provided to Jachs as a sample was produced in cavity 4 of Mold No. M3004 – and thus had the designation M3004-04 stamped along its edge.  The SSI representatives, as well as the private investigator, inspected several dozen of the counterfeit hangers, and all of such counterfeit hangers included the designation M3004-04.  Thus, every one of these hangers allegedly was produced in cavity 4 of Mold No. M3004.  Not only has SSI confirmed that Jachs (or any associated company) has not purchased hangers produced by Mold Number M3004, it would be statistically impossible for every hanger to bear the same cavity designation if they had actually been purchased from a legitimate source.

22. Each genuine SSI hanger also bears the SSI and design trademark, which is encompassed by and depicted in U.S. Registration No. 3,180,204.  This trademark includes a design element, which is comprised of the letters "ssi" in the configuration of a globe. Without having access to the original manufacturing film of the design element, it is extremely difficult to accurately copy and duplicate this design.  The counterfeit hangers associated with the JACHS GIRLFRIEND-branded shirts all bear a spurious designation that is identical to, or substantially indistinguishable from, the SSI and design

6

trademark depicted in U.S. Registration No. 3,180,204.  Each counterfeit hanger also depicts SSI's website address, as well as SSI's model number for that hanger.

23. A side-by-side comparison of the hangers is shown in Exhibit O.  The hanger on the top is the legitimate SSI hanger – while the hanger on the bottom is the counterfeit hanger associated with the JACHS GIRLFRIEND-branded shirts.  The logo on the legitimate hanger is sharp, forms a complete globe, and is comprised of the letters "ssi".  The logo on the counterfeit hanger is blurry, does not form a complete globe, and does not include the letter "i".  The term "SSI" on the counterfeit hanger is also misoriented, and slopes upwards.  The counterfeit hanger is duller in appearance than the legitimate SSI hanger, suggesting the usage of an inferior grade of plastic.  This dull appearance, of course, detracts from the overall appearance of the hanger, leading to the conclusion that SSI is providing inferior and low quality hangers.

24. There can be no doubt but that Jachs used the sample hangers provided by SSI to produce counterfeit SSI hangers, thereby avoiding the purchase of genuine hangers from SSI.  Moreover, Jachs used the counterfeit hangers to complete its transaction with Costco.  That is, if the JACHS GIRLFRIEND-branded shirts had not been supplied to Costco pre-hung on what appeared to be an SSI hanger, Costco would not have accepted such garments.

25. Jachs's use of the SSI Trademarks and SSI indicia on the garment hangers associated with its JACHS GIRLFRIEND-branded shirts constitutes Federal trademark counterfeiting, Federal trademark infringement, Federal false designation of origin and unfair competition, and unfair competition and infringement under the common law of the state of New York.

7

**FIRST CLAIM FOR RELIEF**
(Federal Trademark Counterfeiting, 15 U.S.C. § 1114)

26. SSI hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

27. The SSI Trademarks have achieved a high degree of consumer recognition, and serve to identify SSI as the source of high-quality goods.

28. The registrations embodying the SSI Trademarks are in full force and effect.

29. Defendant, without authorization from SSI, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, the SSI and design trademark depicted in U.S. Registration No. 3,180,204.

30. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendant's counterfeit hangers are genuine or authorized products of SSI.

31. Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

32. Defendant's acts are willful and deliberate, and with knowledge of SSI's ownership of the SSI Trademarks.

33. Defendant has made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

34. Defendant's acts have damaged and will continue to damage SSI, and SSI has no adequate remedy at law.

35. In light of the foregoing, SSI is entitled to injunctive relief prohibiting Defendant from using the SSI Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that SSI has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), or, at SSI's election, statutory damages in an amount of up to $2,000,000 per counterfeit mark per type of goods pursuant to 15 U.S.C § 1117(c).

**SECOND CLAIM FOR RELIEF**
(Federal Trademark Infringement, 15 U.S.C. § 1114)

36. SSI hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

37. The SSI Trademarks have achieved a high degree of consumer recognition, and serve to identify SSI as the source of high-quality goods.

38. The registrations embodying the SSI Trademarks are in full force and effect.

39. Defendant, without authorization from SSI, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, the SSI and design trademark depicted in U.S. Registration No. 3,180,204.

40. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendant's counterfeit hangers are genuine or authorized products of SSI.

41. Defendant's acts are willful and deliberate, and with knowledge of SSI's ownership of the SSI Trademarks.

42. Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

43. Defendant's acts have damaged and will continue to damage SSI, and SSI has no adequate remedy at law.

44. In light of the foregoing, SSI is entitled to injunctive relief prohibiting Defendant from using the SSI Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that SSI has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
(Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))

45. SSI hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

46. The SSI Trademarks have achieved a high degree of consumer recognition, and serve to identify SSI as the source of high-quality goods.

47. Defendant's distribution, sale, and/or offering for sale of counterfeit SSI hangers, together with Defendant's use of other indicia associated with SSI is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely to cause such parties to believe in error that the Defendant's counterfeit hangers have been authorized, sponsored, approved, endorsed or licensed by SSI.

48. Defendant's use of the SSI Trademarks and SSI indicia is willful and deliberate, and is without SSI's permission or authority.

49. Defendant's acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe or represent Defendant's hangers as those of SSI in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

50. Defendant's acts have damaged and will continue to damage SSI, and SSI has no adequate remedy at law.

51. In light of the foregoing, SSI is entitled to injunctive relief prohibiting Defendant from using the SSI Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that SSI has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

**FOURTH CLAIM FOR RELIEF**
(Common Law Unfair Competition)

52. SSI hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

53. SSI owns and enjoys common law rights in the SSI Trademarks and SSI indicia in New York and throughout the United States.

54. Defendant's unauthorized use of the SSI Trademarks and SSI indicia has caused and is likely to cause confusion as to the source of Defendant's counterfeit hangers.

55. Defendant's acts are willful and deliberate, and are intended to confuse the public.

56.     Defendant's acts constitute unfair competition under New York common law.

57.     Defendant's acts have damaged and will continue to damage SSI, and SSI has no adequate remedy at law.

58.     In light of the foregoing, SSI is entitled to injunctive relief prohibiting Defendant from using the SSI Trademarks and SSI indicia, and to recover all damages, including attorneys' fees, that SSI has sustained as a result of Defendant's infringing acts alleged above in an amount not yet known.

**FIFTH CLAIM FOR RELIEF**
(Common Law Trademark Infringement)

59.     SSI hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

60.     SSI owns and enjoys common law trademark rights to the SSI Trademarks in New York and throughout the United States.

61.     Defendant's unauthorized use of the SSI Trademarks has caused and is likely to cause confusion as to the source of Defendant's counterfeit hangers.

62.     Defendant's acts are willful and deliberate, and are intended to confuse the public.

63.     Defendant's acts constitute trademark infringement under New York common law.

64.     Defendant's acts have damaged and will continue to damage SSI, and SSI has no adequate remedy at law.

65.     In light of the foregoing, SSI is entitled to injunctive relief prohibiting Defendant from using the SSI Trademarks, and to recover all damages, including

attorneys' fees, that SSI has sustained as a result of Defendant's infringing acts alleged above in an amount not yet known.

### PRAYER FOR RELIEF

1. Granting preliminary and permanent injunctive relief restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

  (a) manufacturing, importing, supplying, distributing, offering for sale, or selling any products which bear the SSI Trademarks, or any other mark confusingly similar thereto;

  (b) engaging in any other activity constituting unfair competition with SSI, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and indicia associated with SSI;

  (c) committing any other act which falsely represents or which has the effect of falsely representing that the goods of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with SSI;

2. Ordering Defendants to recall from any distributors and retailers and to deliver to SSI for destruction or other disposition all remaining inventory of all counterfeit hangers, as well as means of making same;

3. Ordering Defendants to file with this Court and serve on SSI within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

4. Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts;

5. Awarding SSI all of Defendant's profits and all damages sustained by SSI as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

6.	Awarding treble damages in the amount of Defendant's profits or SSI's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

7.	Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

8.	Awarding SSI statutory damages in an amount of up to $2,000,000 per counterfeit mark per type of goods pursuant to 15 U.S.C § 1117(c); and

9.	Such other relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SSI hereby demands a trial by jury as to all claims in this litigation.

SCHROEDER LAW PC

Dated: May 17, 2016

By:  s/ R. Glenn Schroeder
R. Glenn Schroeder (RGS2633)
110 Cooper Street #605
Babylon, New York  11702
Telephone:  (631) 649-6109
Facsimile:  (631) 649-8126
gschroeder@schroederlawpc.com

Attorney for Plaintiff